IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

E. GEORGE MINNS,

        Plaintiff,

v.        Civil Action Number 2:07-CV-323

PORTSMOUTH JUVENILE & DOMESTIC
RELATIONS COURT, et al.,

        Defendants.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss and Plaintiff's Motion for Immediate Relief, Request for an Emergency Ruling, and Motion for Leave to Conduct Limited Discovery. For the reasons stated below, the Court shall GRANT Defendants' Motion and DENY Plaintiff's Motions.

**I. BACKGROUND**

On July 17, 2007, Plaintiff E. George Minns filed a pro se a civil rights action pursuant to 42 U.S.C. § 1983.[1] The complaint arises from a marital dispute between Minns and his wife of eleven years, Kim Crump, on May 16, 2007. Crump is a practicing attorney in the Portsmouth, Virginia area. Minns essentially alleges that, due to their professional relationships with his wife, Judge Diane Griffin, Judge William Moore, and the personnel in the Clerk's Office of the

---

[1] Minns also cites 42 U.S.C. §§ 1981 and 1988. However, because this case does not involve equal contract rights, Minns does not state a cognizable claim under § 1981. Additionally, § 1988 does not create an independent cause of action and, therefore, Minns may not rely on it as a basis for maintaining this action. See Horacek v. Thone, 710 F.2d 496, 499 (8th Cir. 1983) ("[S]ection 1988 itself does not create an independent right of action to recover attorney fees.").

Portsmouth Juvenile and Domestic Relations Court (collectively "Defendants") treated him with bias and violated his due process rights during the course of proceedings arising from an alleged incident of domestic violence and divorce action that ensued. Specifically, Minns asserts that the Defendants violated his due process rights by (1) unreasonably delaying the hearing on an ex parte protective order; (2) failing to give him notice of the hearing on his wife's petition to temporarily restrict his visitation and custody rights; and (3) preventing him from filing a timely appeal of the temporary visitation and custody order.

On May 21, 2007, Crump filed a Petition for Protective Order alleging that on May 16, 2007 Minns assaulted her by grabbing and swinging her around their house several times.[2] The next day Judge Edward McNew issued an ex parte protective order based on Crump's allegations of abuse and scheduled a hearing on the matter for June 1, 2007. Judge Griffin, however, cancelled the June 1 hearing and, according to Minns, "wrongly extended the ex parte protective order over 30 days [to June 25, 2007] without according him a hearing within 15 days . . . as required under Va. Code 16.1-253.1(B)." (Compl. ¶ 7.)

During the delay, Crump filed a petition to restrict Minns' visitation, which Judge Moore heard at 9:00 a.m. on June 25, 2007.[3] Minns, however, alleges that he did not receive notice of the 9:00 a.m. hearing before Judge Moore. Instead, he relied on Judge Griffin's representation that all matters concerning his dispute with Crump would be heard and decided on June 25, 2007 at 1:00

---

[2]Minns denies the abuse charges, claiming that, due to a back injury and a weak right arm stemming from an automobile accident, he is physically incapable of swinging a person of his wife's size. (Compl., Exhibit L at 10.)

[3]Minns also alleges that during the delay he attempted to file a petition for a specific court-ordered visitation, which Judge Griffin refused to hear until June 25, 2007 at 1:00 p.m. (Compl. ¶ 8.)

p.m. (Compl. ¶ 8.) Thus, when Minns arrived at the courthouse on June 25, 2007 for the 1:00 p.m. hearing, he learned of the 9:00 a.m. hearing before Judge Moore for the first time.

Minns immediately filed a motion requesting another hearing. Judge Moore denied the motion explaining that "the Summon[s] said 9: a.m., [and] disregarding the fact that Judge Griffin told him 1: p.m." (Compl. ¶ 8.) Subsequently, Minns attempted to appeal Judge Moore's decision. The deputy clerk, however, informed him that he could not file an appeal until after September 17, 2007. Consequently, Minns contends that he was effectively barred from pursuing a timely appeal.[4]

After those proceedings but prior to the final hearing, Minns filed the instant federal action in the Norfolk Division of the Eastern District of Virginia[5] on July 17, 2007 against Judge Griffin, Judge Moore, the Portsmouth Juvenile and Domestic Relations Court, and the Commonwealth of Virginia alleging that they violated his constitutional rights. In turn, the Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) on the following grounds: (1) this Court lacks subject matter jurisdiction under the domestic relations exception, the Younger abstention doctrine, and/or the Rooker-Feldman doctrine; (2) Defendants enjoy judicial and/or sovereign immunity; (3) Plaintiff fails to allege facts necessary to support federal claims under the equal protection doctrine or the due process clause; and (4) Plaintiff is not entitled to declaratory or injunctive relief.

---

[4] Pursuant to Va. Code § 16.1-296(A), Minns is unable to appeal a temporary order on visitation and custody. It is unclear whether the final hearing on visitation and custody was scheduled for September 17 or 19. Nonetheless, Minns has stated to the Court that he did appeal the final state custody ruling and his appeal was decided on January 22, 2008.

[5] Because Crump practices in the Norfolk Division of the Eastern District of Virginia and given the nature of Minns' allegations, the case was transferred to the Richmond Division to ensure impartiality.

## II. DISCUSSION

### A.

#### 1.

Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal for lack of jurisdiction over the subject matter. The burden of proving that subject matter jurisdiction exists lies with the party asserting jurisdiction. Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.,166 F.3d 642, 647 (4th Cir. 1999). An objection based on lack of subject matter jurisdiction may be raised at any stage in the litigation. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). When considering a motion to dismiss pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans, 166 F.3d at 647 (internal quotations omitted). The Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

#### 2.

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) is to "give the defendant fair notice of the claim and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). Although a complaint does not need detailed factual allegations, the plaintiff's complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.

When considering a Rule 12(b)(6) motion a court accepts as true all "well-pleaded

allegations" and construes those allegations in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, the court accepts as true the exhibits attached to the complaint. Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); see also E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The court, however, is not required to accept as true conclusions or inferences from the complaint which contradict the attached exhibits. See Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991) ("[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), . . . the exhibit prevails."). When the allegations in a complaint and the exhibits attached thereto fail to sufficiently state a claim showing that the plaintiff is entitled relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 127 S. Ct. at 1966.

**B.**

Minns specifically pleads jurisdiction pursuant to 28 U.S.C. §1331, which gives federal courts original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants argue that this Court lacks subject matter jurisdiction based on the following exceptions: the domestic relations exception, the Younger abstention, and/or the Rooker-Feldman doctrine. Each doctrine is discussed in turn.

**1.**

The domestic relations exception divests federal courts of the power to issue divorce, alimony, and child custody decrees. Ankenbrandt v. Richards, 504 U.S. 689, 693-95 (1992). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws

of the states, and not to the laws of the United States." Ex parte Burrus, 136 U.S. 586, 593-94 (1890); accord Doe v. Doe, 660 F.2d 101, 105 (4th Cir. 1981) (concluding that the district court erred by exercising jurisdiction over a habeas corpus petition brought by a natural mother because "no jurisdiction lies in the federal courts over suits involving domestic relations," even where jurisdiction may arguably exist). The domestic relations exception, however, is generally asserted when the plaintiff alleges subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. Ankenbrandt, 504 U.S. at 700 (resting its conclusion that a domestic relations exception exists on "Congress' apparent acceptance of this construction of the diversity jurisdiction provisions").

Although the allegations in Minns' complaint are difficult to discern, Minns clearly asserts jurisdiction pursuant to § 1331 and consistently frames his claim as one of "notice" and "opportunity to be heard," which is a due process challenge. Minns, however, also asserts in his complaint that "this Court is the proper Court to determine the Constitutionality of a natural father's liberty right to see and freely associate with his child, pursuant to the First (religious belief of the father) and Fourteenth Amendments (liberty interest of the father)." (Compl. ¶ 14.) This language suggests, as the Defendants argue, that Minns is asking this Court to address issues of custody and visitation. Accordingly, to the extent that the complaint attempts to assert any claims relating to issues of custody or visitation, such claims shall be dismissed for lack of jurisdiction pursuant to the domestic relations exception.

Minns' due process claim, however, may not be dismissed pursuant to the domestic relations exception. See U.S. v. Johnson, 114 F.3d 476, 481 (4th Cir. 1997) (explaining that the domestic relations exception "is applied only as a judicially implied limitation on the diversity jurisdiction;

it has no generally recognized application as a limitation on federal question jurisdiction") (citing Ankenbrandt, 504 U.S. at 700-01); see also Briggman v. Commonwealth of Va., Dept. of Social Servs., 526 F. Supp. 2d 590, 598 (W.D. Va. 2007) (holding that the domestic relations exception did not deprive the court of jurisdiction where the pro se plaintiff's claims, alleging violations of his civil rights during the Commonwealth's handling of the plaintiff's child support obligations, were couched primarily under federal law).

**2.**

Generally, "abstention from the exercise of federal jurisdiction is the exception, not the rule." Employers Res. Mgmt. Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995) (quoting Haw. Housing Authority v. Midkiff, 467 U.S. 229, 236 (1984)). But, federal courts may not issue a declaratory judgment, or grant an injunction in proceedings pending in state court. Younger v. Harris, 401 U.S. 37, 40-41 (1971). Younger abstention applies in civil and state administrative proceedings. See, e.g., Huffman v. Pursue, Ltd., 420 U.S. 592, 603-04 (1975); Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986). Younger abstention is appropriate where there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Laurel Sand & Gravel, Inc. v. Wilson, --- F.3d ---, 2008 WL 588977, at *6 (4th Cir. Mar. 5, 2008).

Minns filed his complaint on July 17, 2007. The final hearing on the temporary order granting custody to Crump was scheduled to be held on or about September 17, 2007. Because Minns filed his complaint prior to a final order being issued in the Portsmouth Juvenile & Domestic

Relations District Court, there was clearly an ongoing state judicial proceeding. Second, family law matters generally fall within the purview of state law. See Moore v. Sims, 442 U.S. 415, 535 (1979) (noting that "[f]amily relations are a traditional area of state concern"); see also Doe, supra at 105. As such, the Commonwealth has an important state interest in its own domestic relations proceedings, including the issuance of protective orders and temporary custody and visitation orders. Finally, Minns essentially requests this Court to enter a declaratory judgment that he was denied due process when the Defendants failed to notify him of the 9:00 a.m. hearing on June 25, 2007. This is a claim Minns could have raised on appeal through the state court appellate process. See Va. Code § 16.1-296(A) (providing that any final order or judgment of the juvenile court may be appealed within 10 days from the entry of final judgment); see also Green v. Morgan, 1998 WL 15140 (Va. Ct. App. 1998) (holding that an order awarding temporary custody to the children's grandparents pending a full custody hearing was interlocutory and not capable of being appealed until a final order was issued pursuant to Va. Code § 16.1-296(A)).

Because Minns may not circumvent the state court appellate process by filing a § 1983 action in district court, Minns' claims shall be dismissed pursuant to Younger. See Laurel Sand & Gravel, 2008 WL 588977, at *7 (holding that where the appellant sought "to invalidate a state judgment by filing a federal action and circumventing state-court judicial remedies, the state proceedings remain 'pending' within the meaning of Younger abstention"); Nivens v. Gilchrist, 444 F.3d 237, 244 (4th Cir. 2006) (holding that because the appellants were able to present their § 1983 claims in state court, federal intervention was inappropriate); Moore v. City of Asheville, N.C., 396 F.3d 385, 388, 396 (4th Cir. 2005) (concluding that under Younger a party may not bypass state appellate proceedings, even if he has defaulted on his appellate rights, in favor of a federal court proceeding

in which he effectively seeks to annul the results of the state proceeding).

**3.**

Rooker-Feldman is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indust. Corp., 544 U.S. 280, 284 (2005); see also Davani v. Va. Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). Although not binding here, the Second Circuit has usefully delineated Rooker-Feldman as follows: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) plaintiff must invite review and rejection of that judgment; and (4) the state court judgment must be rendered before the federal court proceedings began. Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Because Minns brought the instant action prior to a final hearing on the temporary custody and visitation orders, the Court finds that the Rooker-Feldman is inapplicable.

**C.**

Even if Minns' claims were not barred by Younger and the domestic relations exception, the Defendants in this action would be protected by sovereign and judicial immunity. It is well established that the Eleventh Amendment prohibits a state or one of its agencies from being sued for damages in federal court by its own citizens or citizens of another state. See, e.g., Hans v. Louisiana, 134 U.S. 1, 10 (1890); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). "The preeminent purpose of state sovereign immunity is to accord States the dignity that is consistent with their status as sovereign entities." Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 760 (2002) (holding that "state sovereign immunity bars the [Federal Maritime Commission] from

9

adjudicating complaints filed by a private party against a nonconsenting State"). For this reason, sovereign immunity bars all suits, whether injunctive, declaratory or monetary relief, against the state and its departments. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). Since there is no indication that the Commonwealth of Virginia has waived its immunity in this case, the Court finds that the Commonwealth and the Portsmouth Juvenile and Domestic Relations Court, as an instrumentality of the Commonwealth, are immune from suit.

Further, the doctrine of judicial immunity protects judges from claims for monetary damages for acts taken in their judicial capacity, even if the judge acted in error or in excess of his authority. See Mireles v. Waco, 502 U.S. 9, 11, 13 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Thus, a judge acting in his official capacity is immune from a suit for actions that are judicial in nature, unless he has acted "in the complete absence of all jurisdiction." Id. at 12. A judge acts in the complete absence of all jurisdiction "if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which he presides." King v. Love, 766 F.2d 962, 965 (6th Cir.1985).

As domestic relations matters clearly fall within the subject matter jurisdiction of the Portsmouth Juvenile and Domestic Relations Court, Judge Griffin and Judge Moore did not act in the complete absence of jurisdiction and are, therefore, immune from this action. See Marshall, 92 F. App'x at 284-85 (finding that a domestic relations judge was entitled to absolute judicial immunity from plaintiff's § 1983 action where all of the alleged acts by the judge were judicial functions exercised under proper jurisdictional authority); Sibley v. U.S. Supreme Court, 136 F. App'x 252, 254 (11th Cir. 2005) (holding that the defendant judges were immune from the § 1983 action, even though § 1983 permits actions against judges for declaratory relief, because the plaintiff

had an adequate remedy at law - namely, the right to appeal through the state court appellate process and to petition the Supreme Court for certiorari); see also Smith v. Smith, 2007 WL 3025097, at *5 (W.D. Va. 2007) (holding that the judges were protected by judicial immunity despite plaintiff's contention that the judges lacked jurisdiction because the plaintiff was not properly served with process). Accordingly, Minns' claims are subject to dismissal on the grounds of judicial and sovereign immunity as well.

### III. CONCLUSION

Although this Court deeply empathizes with Minns' desire to maintain a relationship with his child, this Court must remain faithful to the law. Accordingly, for the reasons stated above, the Court shall GRANT the Defendants' Motion to Dismiss.

An appropriate Final Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

Entered this ___25th___ day of March 2008